**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**DANA SNIEGOCKI, ESQ.**
Nevada Bar No. 11715
E-mail: dsniegocki@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SERENA SENSITIVO, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>KATERRA INC., a foreign corporation, DOES I -X; ROE CORPORATIONS I -X.<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff SERENA SENSITIVO ("Plaintiff") by and through her attorney, Jenny L. Foley, Ph.D., Esq. of HKM Employment Attorneys LLP hereby complains and alleges as follows:

**<u>JURISDICTION</u>**

1. This is an action for damages brought by Plaintiff for unlawful workplace discrimination based on race, color, sex, age, disability and/or national origin and for illegal retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq.; for violation of Nevada Revised Statute §613.330 et seq.; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28

U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f) (3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3.     Upon information and belief, all material allegations relative to the named defendant contained in this Complaint occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

4.     At all relevant times, Defendant was engaged in interstate commerce and employed 20 or more employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the statutes outlined herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDY

5.     On or about May 25, 2020, Plaintiff initiated the process of filing a Charge of Discrimination against her employer, the Defendant(s) named in this action with the Nevada Equal Rights Commission and Equal Employment Opportunity Commission ("EEOC").

6.     On or about August 18, 2020, Plaintiff received her "Notice of Right to Sue" from the EEOC.

7.     Less than 90 days have passed since the date of mailing of the "Notice of Right to Sue." This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

8.     Prior to filing this action, Plaintiff exhausted her administrative remedy on all claims pled hereunder.

## PARTIES

9.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

10.    Plaintiff is a citizen of the State of Nevada and a resident of Clark County, Nevada.

11.    Defendant KATERRA INC. ("Defendant") is, upon information and belief, a

foreign corporation authorized at all relevant times to conduct business in the State of Nevada.

12. Doe Defendants I through X inclusive and Roe Corporation Defendants A through Z inclusive, are unknown at the present time and thus sued by Plaintiff in such fictitious names. Plaintiff alleges that said Defendants are in some manner responsible for the damages sustained by Plaintiff and that said Defendants will be named with peculiarity once their identities are known. At such time, Plaintiff will seek leave of court to sate more fully herein the names and acts of said Defendants.

## **GENERAL ALLEGATIONS**

13. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

14. Plaintiff began working for Defendant on September 24, 2018, as a Materials Engineer.

15. In approximately early October of 2019, Plaintiff began being sexually harassed by a co-worker, Scotty Weber.

16. Mr. Weber started rumors that Plaintiff was having sexual relations with Tyson Decambra, Mr. Decambra was a Framer/Carpenter employed by UCP Temp Staffing LLC., a third-party staffing agency, who would work onsite with Plaintiff.

17. Further, Mr. Weber told Plaintiff that he was going to follow Plaintiff around and see if she went to lunch with Mr. Decambra.

18. Mr. Weber also told several of Plaintiff's co-workers that he had seen naked/intimate photos and/or videos of her. It is impossible for this to be true, but even if so, it is entirely inappropriate for work.

19. In or around the end of October, beginning of November 2019, Plaintiff requested to speak with Dana Sadler in Human Resources regarding the rumors that Mr. Weber was continuously spreading about Plaintiff and her personal life, but Human Resources was unable to meet with Plaintiff.

20. Several days later, Ms. Sadler contacted Plaintiff and was mainly asked questions about Mr. Decambra.

21. Upon information and belief, Mr. Weber was suspended for three weeks and demoted as a result of his sexual harassment.

22. Upon information and belief, this was not the first time that Mr. Weber was disciplined for inappropriate behavior.

23. When Mr. Weber returned from his suspension, Plaintiff discovered that Mr. Weber while at work was telling others that had sexual relations with Plaintiff.

24. Several of Plaintiff's co-workers heard the rumors and contributed to the harassment by confronting Plaintiff to inquire about the veracity of the rumors, which amounted to asking about Plaintiff's personal life and sexual activity.

25. On or about November 18, 2019, Plaintiff once again reached out to Ms. Sadler to report Mr. Weber's continued sexual harassment.

26. Plaintiff was told that she should "drop it" and that Plaintiff should avoid Mr. Weber.

27. On or about December 5, 2019, Plaintiff was terminated, and the only explanation given to Plaintiff received was that she had "problems" with co-workers.

28. Plaintiff had never been informed that any co-workers had any issues with her.

29. There was one disagreement between Plaintiff and another co-worker, Gloria Rosell, that occurred in September 2019. Plaintiff reported Ms. Rosell's inappropriate treatment to Mike Rock, Head of Construction, but nothing came of it and no disciplinary actions were taken against Plaintiff.

30. Plaintiff never had any disciplinary actions taken against her during her employment.

## FIRST CAUSE OF ACTION

**(Sex Discrimination (Sexual Harassment) in Violation of Title VII and NRS 613.330)**

31. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

32. During the course of her employment, Plaintiff was subject to an unwelcome vicious, extreme, outrageous, pervasive and unrelenting campaign of sexual harassment and

gender discrimination.

33. Mr. Weber continuously sexually harassed Plaintiff by first spreading rumors that she was engaging in a sexual relationship with an individual from a third-party company, stating that he would follow her around, and also claiming that he had seen naked/intimate photos and/or videos of Plaintiff and told fellow co-workers.

34. The first time Plaintiff reported Mr. Weber's inappropriate conduct, she was initially met with silence and then was predominately asked questions about her relationship with Mr. Decambra.

35. When Mr. Weber returned to work, his harassment only escalated by claiming that he himself was engaging in sexual activities with Plaintiff.

36. After Plaintiff reported Mr. Weber's conduct a second time, Defendant's response was to "drop it," as in, Plaintiff should just ignore and/or acquiesce to the sexual harassment.

37. Defendant also added that Plaintiff should avoid Mr. Weber. This suggestion not only fails to address the underlying and ongoing harassment, but more importantly, it blames Plaintiff for the sexual harassment and hostile environment created by Defendant, her co-workers, and specifically Mr. Weber.

38. Thereby, Defendant affirmed, ratified and acquiesced in the campaign of sexual harassment and hostile working environment.

39. The Defendant's behavior violated 42 U.S.C. § 2000e-2(a) by discriminating against Plaintiff because of her sex, female.

40. Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

41. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

42. Plaintiff has had to obtain the services of an attorney to protect her rights and

secure compensation for the damages incurred as a result of these violations of Title VII and therefore, she is entitled to recover reasonable attorney's fees against Defendants pursuant to 42 U.S.C. §2000e-5(k).

### SECOND CAUSE OF ACTION

**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and NRS 613.340)**

43. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

44. In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after she complained of acts which she reasonably believed were discriminatory.

45. After Plaintiff reported Mr. Weber for a second time, she was told to "drop it," but Plaintiff struggled to continue performing her work in such a hostile environment.

46. A few weeks later, Plaintiff was terminated without having any disciplinary actions taken against her and without a sufficient explanation.

47. The examples above also constitute retaliatory harassment and the creation of an illegally hostile environment.

48. Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed her in the workplace.

49. The actions and conduct by Defendant constitute illegal retaliation, prohibited by federal statutes.

50. Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

51. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

52. Plaintiff has had to obtain the services of an attorney to protect her rights and secure compensation for the damages incurred when Defendant violated Title VII, and therefore, she is entitled to recover reasonable attorney's fees against Defendant pursuant to

Title VII.

## THIRD CAUSE OF ACTION

### (Intentional/Negligent Infliction of Emotional Distress)

53. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

54. Defendant's conduct toward Plaintiff was extreme and outrageous and caused significant emotional harm, headaches, sleeplessness and various physical and mental distress.

55. Defendants' conduct was extreme, outrageous, and undertaken with either intent or, reckless disregard for causing Plaintiff emotional distress.

56. Defendants had a duty to refrain from engaging in the hostile and retaliatory acts as described above.

57. Defendants breached that duty.

58. Defendants intentional or negligent conduct was the legal, actual, proximate cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct described herein.

59. Defendants must pay damages in an amount to be determined at trial but exceeding $25,000f for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because they engaged in illegal actions.

60. Because Defendants are guilty of oppression, fraud or malice, express or implied, Defendants must pay Plaintiff an additional amount for the sake of example and by way of punishment.

61. Plaintiff has had to obtain the services of an attorney to protect her rights and secure compensation for the damages incurred as a result of these violations and therefore, she is entitled to recover reasonable attorney's fees against Defendants.

**WHEREFORE**, Plaintiff prays this court for:

    a. A jury trial on all appropriate claims;

and to enter judgment in favor of the Plaintiff by:

    b. Awarding Plaintiff an amount sufficient to fully compensate her (including tax

consequences) for all economic losses of any kind, and otherwise make her whole in accordance with Nevada law;

e.  An award of compensatory and punitive damages to be determined at trial;

f.  An award of attorney's fees and costs; and

g.  Any other relief the court deems just and proper.

Dated this 12th day of November, 2020.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS, LLP**

By: /s/ *Jenny L. Foley*
JENNY L. FOLEY, PHD., ESQ.
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorney for Plaintiff*